UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 24-cv-21770-ALTMAN

CONTRELL LEO FLOYD,

      *Plaintiff*,

v.

HIGHGATE HOTELS L.P.,

      *Defendant*.

_____/

## ORDER GRANTING MOTION FOR SUMMARY JUDGMENT

Our *pro se* Plaintiff, Contrell Leo Floyd, alleges that Defendant Highgate Hotels L.P. ("Highgate") discriminated against him on the basis of sex by terminating his conditional employment "under the pretext of an unsatisfactory background check," despite Highgate's alleged failure to terminate female employees "who had similar criminal felony convictions." Fourth Amended Complaint ("FAC") [ECF No. 65] ¶ 100. Floyd sued Highgate for violating Title VII of the Civil Rights Act of 1964 ("Title VII") based on this purported sex discrimination. *See ibid.*[1] Highgate now moves for summary judgment on Floyd's sex-discrimination claim. *See* Defendant's Motion for Summary Judgment ("Motion") [ECF No. 118]; *see also* Defendant's Statement of Material Facts ("DSOF") [ECF No. 119]. And that Motion is fully briefed and ripe for adjudication. *See* Plaintiff's Response in Opposition to the Motion ("Response") [ECF No. 132]; Defendant's Reply in Support of the Motion [ECF No. 147]. After careful review, we **GRANT** the Motion.

---

[1] Floyd's Fourth Amended Complaint added two new counts—Count I alleging violations of "federal advertising, promotion, and consumer protection laws" and Count III alleging a violation of the Fair Credit Reporting Act—which we struck as untimely and unauthorized. Omnibus Order [ECF No. 72] at 1; *see also id.* at 3 ("We therefore strike Counts I and III of the FAC (and any references to those counts)."). We permitted Floyd to proceed only with his "original sex discrimination claim." *Id.* at 3 n.2 (cleaned up).

## THE FACTS

"Highgate is a hospitality management company that owns, operates, and provides management services to hotels and resorts throughout the United States, including The Goodtime Hotel located in Miami, Florida." DSOF ¶ 1; *see also* Plaintiff's Statement of Material Facts ("PSOF") ¶ 1("Undisputed[.]"). Floyd is a "former at-will employee of Highgate, who applied and received an offer of employment for a Steward position at The Goodtime Hotel in Miami, Florida on or about July 26, 2021." DSOF ¶ 2; *see also* PSOF ¶ 2 ("Undisputed[.]"). Floyd's employment offer letter stated, in relevant part, as follows: "This employment offer is contingent upon documentation establishing your eligibility to work in the United States and a completion of a satisfactory reference check, and background check." DSOF ¶ 4 (citing Defense Exhibits ("Def. Exhs.") [ECF No. 120-1] at 8); *see also* PSOF ¶ 4 ("Undisputed[.]").

"On or about August 12, 2021, Highgate received the results of Plaintiff's background check, which revealed multiple felony convictions, including violent offenses. The convictions included, but were not limited to, theft and other serious violent charges." DSOF ¶ 10 (cleaned up).[2] After Highgate received the results of Floyd's background check, it terminated Floyd and "specifically advised [him] that the results of his background check were the reason for [his] termination." DSOF ¶ 12 (cleaned up); *see also* PSOF ¶ 12 ("Undisputed[.]"). Floyd's termination documentation—Highgate's "Associate Coach & Counseling Communication Form"—specifically states that Floyd's "unsatisfactory pre-employment background check" constituted a violation of company policy and served as the basis for his termination. Def. Exhs. at 9. (capitalization altered). Floyd "did not make any internal complaints

---

[2] Floyd says that this fact is "[g]enuinely disputed," PSOF ¶ 10, but he conceded in his deposition that he has "four or five" felony convictions, including an "armed robbery" conviction for which he served 13 years in prison. Deposition of Contrell Floyd ("Floyd Depo.") [ECF No. 120-2] at 145:16–18, 71:20–22.

about discrimination during his employment with Highgate." DSOF ¶ 16 (citing Floyd Depo. at 69:13–23); *see also* PSOF ¶ 16 ("Undisputed[.]").

**THE LAW**

I.        **Summary Judgment**

Summary judgment is appropriate when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). "By its very terms, this standard provides that the mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247–48 (1986). An issue of fact is "material" if it might affect the outcome of the case under the governing law. *Id.* at 248. A dispute about a material fact is "genuine" if the evidence could lead a reasonable jury to find for the non-moving party. *Ibid.* "The mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff." *Id.* at 252.

At summary judgment, the moving party bears the initial burden of "showing the absence of a genuine issue as to any material fact." *Allen v. Tyson Foods, Inc.*, 121 F.3d 642, 646 (11th Cir. 1997); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986) ("[A] party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact."). Once the moving party satisfies its initial burden, the burden then shifts to the non-moving party to "come forward with specific facts showing there is a genuine issue for trial." *Bailey v. Allgas, Inc.*, 284 F.3d 1237, 1243 (11th Cir. 2002) (emphasis omitted) (quoting *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986)).

3

The Court, in ruling on a motion for summary judgment, "need consider only the cited materials, but it may consider other materials in the record." FED. R. CIV. P. 56(c)(3); *see also HRCC, Ltd. v. Hard Rock Cafe Int'l (USA), Inc.*, 703 F. App'x 814, 817 (11th Cir. 2017) (noting that a "court may decide a motion for summary judgment without undertaking an independent search of the record" (quoting FED. R. CIV. P. 56 advisory committee's note)). In any event, on summary judgment, the Court must "review the facts and all reasonable inferences in the light most favorable to the non-moving party." *Pennington*, 261 F.3d at 1265.

In sum, if there are any genuine issues of material fact, the Court must deny summary judgment and proceed to trial. *See Whelan v. Royal Caribbean Cruises Ltd.*, 2013 WL 5583970, at *2 (S.D. Fla. Aug. 14, 2013) (Ungaro, J.). On the other hand, the Court must grant summary judgment if a party "has failed to make a sufficient showing on an essential element of her case." *Celotex,* 477 U.S. at 323; *see also Lima v. Fla. Dep't of Child. & Fams.*, 627 F. App'x 782, 785–86 (11th Cir. 2015) ("If no reasonable jury could return a verdict in favor of the nonmoving party, there is no genuine issue of material fact and summary judgment will be granted." (quoting *Beal v. Paramount Pictures Corp.*, 20 F.3d 454, 459 (11th Cir. 1994))).[3]

## II.     Sex Discrimination

The parties agree that we must analyze Floyd's sex-discrimination claim under the burden-shifting framework set out by the Supreme Court in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973). *See* Motion at 4 ("As Plaintiff has not alleged any direct evidence of sex discrimination, the circumstantial evidence framework set forth in *McDonnell Douglas* [ ] governs the evaluation of his

---

[3] Floyd is proceeding *pro se*. And it's well-established that "[*p*]*ro se* pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed." *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998). But, in the context of summary judgment, a *pro se* plaintiff "must still meet the essential burden of establishing that there is a genuine issue as to a fact material to his case." *Holifield v. Reno*, 115 F.3d 1555, 1561 (11th Cir. 1997).

case." (cleaned up)); *see also* Response at 6–7 (discussing and applying the *McDonnell Douglas* framework). "*McDonnell Douglas* established a three-step process for analyzing discrimination claims[.]" *Ehrhardt v. Haddad Rest. Grp., Inc.*, 443 F. App'x 452, 455 (11th Cir. 2011). *First*, "the plaintiff must . . . offer evidence sufficient to establish a *prima facie* case of discrimination[.]" *Vira v. Crowley Liner Servs., Inc.*, 723 F. App'x 888, 892 (11th Cir. 2018). To establish a *prima facie* case of discrimination, a plaintiff must show: (1) that [he] belongs to a protected class, (2) that [he] was subjected to an adverse employment action, (3) that [he] was qualified to perform the job in question, and (4) that [his] employer treated similarly situated employees outside [his] class more favorably. *Fernandez v. Hotwire Commc'ns, Ltd.*, 2022 WL 4598638, at *9 (S.D. Fla. Sept. 30, 2022) (Altman, J.) (cleaned up). *Second*, "[o]nce a prima facie case is made, the burden shifts to the defendant to articulate a legitimate, nondiscriminatory reason for the adverse employment action." *Vira*, 723 F. App'x at 892. *Third*, "[i]f the employer meets its burden, the plaintiff must then show that the employer's stated reason is pretext for discrimination[.]" *Ibid.*

## ANALYSIS

This is a straightforward case. Assuming without deciding that Floyd has established a *prima facie* case of sex discrimination, "the burden shifts to the defendant to articulate a legitimate, nondiscriminatory reason for the adverse employment action." *Vira*, 723 F. App'x at 892.[4] Highgate easily meets this burden. As Highgate explains, Floyd's employment was "contingent on a successful background check." Motion at 2. "When that background check revealed multiple serious felony convictions—including armed robbery and possession of a firearm by a felon—Highgate promptly terminated his employment in accordance with its hiring policy. The decision was rendered after

---

[4] Highgate maintains that Floyd wasn't qualified for his position and that he hasn't identified similarly situated employees outside his protected class who were treated *more* favorably. *See* Motion at 5–6. But we needn't reach these arguments because Floyd fails the *McDonnell Douglas* test anyway.

5

consideration of the nature and gravity of the offenses and Plaintiff's role with Highgate and was based solely on the results of the background check report." *Ibid.*

Highgate has adduced extensive evidence for its contention that Floyd's failed background check was the basis for his termination. *First*, Floyd's Employment Offer Letter explicitly states that "[t]his employment offer is contingent upon . . . completion of a satisfactory . . . background check." Def. Exhs. at 8. This document establishes a legitimate, contractual basis to terminate a prospective employee if his or her background check doesn't meet Highgate's standards. *Second*, Floyd's termination documentation—Highgate's "Associate Coach & Counseling Communication Form"— specifically notes that Floyd's "unsatisfactory pre-employment background check" constituted a violation of company policy and served as the basis for his termination. *Id.* at 9. (capitalization altered). *Third*, Highgate's Senior Vice President of Human Resources, Rosalyn Smith, has supplied a declaration in which she avers that "Highgate has a uniform and consistently applied backgrounds screening policy, which includes evaluating felony convictions on  case-by-case basis [based on] the nature, gravity and recency of the offense, as well as its relevance to the duties of the position." *Id.* at 1. She explains that "[c]andidates for employment who have felony convictions that involve violence, weapons, or theft are generally disqualified from employment in positions such as the position held by Plaintiff, as employees may have access to guest, coworkers, and hotel property with minimal supervision." *Id.* at 2. *Fourth*, Smith declared that, "[b]ased on the nature and severity of [Floyd's] convictions and consistent with our employment screening policy, Highgate made the decision to terminate Plaintiff's employment" as a result of the background check. *Ibid.* Based on this record evidence, Highgate has *clearly* articulated a legitimate, nondiscriminatory reason for terminating Floyd's conditional employment.

Since Highgate has established a "legitimate, nondiscriminatory reason for the adverse employment action," the burden shifts back to Floyd to demonstrate that Highgate's "stated reason

[for his termination] is pretext for discrimination[.]" *Vira*, 723 F. App'x at 892. "Pretext is only proven if it is shown *both* that the reason was false, *and* that discrimination or retaliation was the real reason behind the challenged action." *Brisk v. Shoreline Found., Inc.*, 654 F. App'x 415, 417 (11th Cir. 2016) (citation omitted and emphases added). Floyd hasn't made this showing. Floyd can't show that Highgate's reason for his termination was false because he's conceded that he "acknowledged and understood the reason for his termination when he read and signed the Associate Coach & Counseling Communication Form, which provided that Plaintiff was terminated because he failed the employment background check in violation of Highgate's policies." DSOF ¶ 13 (citing Def. Exhs. at 9); *see also* PSOF ¶ 13 ("Undisputed[.]"). And Floyd doesn't "dispute the accuracy of the background check report or deny his prior convictions." DSOF ¶ 14 (citing Floyd Depo. 86:8–18); *see also* PSOF ¶ 14 ("Undisputed[.]"). Nor does he dispute that the Employment Offer Letter conditioned his employment on the completion of a satisfactory background check. *See also* PSOF ¶ 4 ("Undisputed" that Employment Offer Letter contained the relevant conditional language).

More importantly, Floyd hasn't introduced any evidence that discrimination was the *real* reason for his termination. The only argument Floyd advances in support of his position is that there were several female employees whom Floyd believes had "comparable and more serious criminal convictions" and who weren't subject to termination. *See* Response at 17; *see also ibid* ("[W]hen my female coworkers who were employed before me with similar and worse criminal records still retained their employment, wages, benefits, and opportunities still even after I, the plaintiff was terminated." (cleaned up)). Three problems with this. *First*, the record shows that Highgate terminates both male and female employees for failing their background checks. *See* Def. Exhs. at 2–3 ("Highgate conducted a review of employee records for all associates hired at the Goodtime Hotel from its opening through the present. As a result of this review, Highgate confirmed that four employees were involuntary terminated based on the results of their background checks. This group included three men and one

woman."). *Second*, Floyd's own testimony belies his allegation that Highgate harbors discriminatory animus towards men. *See* Floyd Depo. 69:13–15 ("Prior to my termination, I never felt like I was being discriminated against."). *Third*, Floyd hasn't presented any competent evidence that his female coworkers have been convicted of comparable crimes *or*, if they have been, that Highgate was aware of these convictions and chose not to terminate them because they're women.[5]

But here's the thing: Even if Floyd could prove that his female coworkers had comparable criminal convictions—and that these convictions were disclosed to Highgate via background checks— he *still* cannot show that Highgate's proffered reason for his termination was pretextual. Highgate evaluates "felony convictions on a case-by-case basis [considering] the nature, gravity, and recency of the offense, as well as its relevance to the duties of the position." Def. Exhs. at 1. So, even if his female coworkers *did* have comparable felony convictions, there are plenty of subjective factors—completely unrelated to sex—that could've led Highgate to determine that some of its female coworkers were a better fit for employment than Floyd was. *See Rojas v. Fla.*, 285 F.3d 1339, 1342 (11th Cir. 2002) ("We are not in the business of adjudging whether employment decisions are prudent or fair. Instead, our sole concern is whether unlawful discriminatory animus motivates a challenged employment decision."). In short, Floyd hasn't given us any reason to doubt that his various convictions were the sole reason for his termination.

\* \* \*

Floyd has failed to create a genuine issue of material fact as to whether Highgate's proffered reason for his termination was pretextual. The evidence in this case points to only one conclusion—

---

[5] Floyd cites several webpages from the "Criminal Justice Online System" purporting to show that his female coworkers were *charged* (not convicted) with various crimes. *See* Plaintiff's Exhibits [ECF No. 133-1] at 53–68. But he hasn't provided any proof that these charges resulted in convictions *or* that any of those hypothetical convictions were disclosed to Highgate. *See* Floyd Depo. at 93:12–94:7 (confirming that Floyd has never reviewed certified records of his female coworkers' hypothetical convictions).

Highgate terminated Floyd in accordance with its policy not to employ violent felons in roles with unmonitored access to the property of guests, coworkers, and the hotel. He's adduced no evidence that Highgate's proffered reason for his termination was false or pretextual *or* that he was subject to any discriminatory treatment suggesting. Floyd thus hasn't carried his burden under the *McDonnell Douglas* test. Accordingly, we hereby **ORDER** and **ADJUDGE** that the Defendant's Motion for Summary Judgment [ECF No. 118] is **GRANTED**. We'll enter final judgment in accordance with Rule 58 separately.

  **DONE AND ORDERED** in the Southern District of Florida on May 6, 2026.

                **ROY K. ALTMAN**
                **UNITED STATES DISTRICT JUDGE**

cc:  Contrell Leo Floyd, *pro se*
   counsel of record